## Commonwealth v. Clark, Manager.

*Indictment—Averments—New trial—Arrest of judgment—Cold storage— Act of June 26, 1919.*

An indictment which charges a violation of the Cold Storage Act of June 26, 1919, P. L. 670, and does not set forth that the eggs alleged to have been sold by defendant have been kept "for a period of thirty days and over in cold storage," and fails to aver that the eggs were sold "at retail," is fatally defective, and a motion in arrest of judgment was granted.

Motions for new trial and in arrest of judgment. Q. S. Allegheny Co., Sept. Sess., 1922, No. 763.

Before Swearingen, Carnahan, Douglass and Rowand, JJ.

*J. A. Langfitt,* Assistant District Attorney, for Commonwealth.

*N. R. Criss,* for defendant.

SWEARINGEN, J., June 2, 1923.—This indictment was found Sept. 21, 1922. It was framed under the provisions of the Cold Storage Act, approved June 26, 1919, P. L. 670. Section 9 of this act provides: "It shall be unlawful

to sell, or offer for sale, any article of food which has been held for a period of thirty days or over in cold storage, either within or without the State, without notifying persons purchasing, or intending to purchase, the same that it has been so held, by the display of a placard and conspicuously marked 'Cold Storage Goods' on the bulk, mass or articles of food."

And when such food is sold from an open container "at retail," it shall be plainly stamped with the words "Cold Storage Goods" in letters one-fourth of an inch square.

It was averred in the indictment that the defendant did, on Sept. 19, 1921, sell to J. Jamison an article of food, to wit, eggs, "which were then and there cold storage food," contrary to the act of the general assembly in such case made and provided. It was not averred that the eggs had been held "for a period of thirty days and over in cold storage," nor was there an averment that they were sold "at retail."

The defendant moved to quash the indictment upon the ground that it did not show the commission or omission of an act violative of law because of the absence of the above stated averments, which motion was overruled, and at the close of the trial the defendant presented a request for binding instructions, which was refused. The verdict was "guilty as indicted."

In our opinion, the evidence was sufficient to sustain the verdict and there was no error in the course of the trial which would justify the submission of the case to another jury. Therefore, the motion for a new trial must be refused. The only question remaining relates to the alleged defects in the indictment.

It is settled that an indictment must set forth substantially the elements of the offence with which the defendant stands charged. Especially is this true of crimes created by statute. A defendant is not only entitled to know what he is alleged to have done or omitted, but he is equally entitled to have the grand jury pass upon the same. There is no pretence that a sale, or an offering for sale, of eggs that have been kept in cold storage is a violation of this statute; it does not so declare. There is no crime committed until the eggs shall have been kept in cold storage for a period of thirty days or more. Therefore, that these eggs had been in cold storage more than thirty days before they were sold is an essential element of the crime created by this statute. It follows that the failure to aver that fact is a fatal omission. The same reasoning applies to the absence of an averment that the eggs were sold "at retail."

The case of the Commonwealth is not sustained by the averment contained in the indictment that the defendant "unlawfully" sold the eggs. The act of the defendant only became "unlawful" when he sold eggs that had been in cold storage thirty days or more, without giving the notice prescribed. The court could not ascertain from the indictment itself what offence, if any, the defendant had committed. It would be like charging a defendant with burglary without an averment that he had entered a dwelling-house in the nighttime.

We are obliged to grant the motion which the defendant has made.

And now, to wit, June 2, 1923, after argument and upon consideration, the motion for a new trial is refused.

And now, to wit, June 2, 1923, after argument and upon consideration, the motion in arrest of judgment, made by the defendant, is granted.

From Edwin L. Mattern, Pittsburgh, Pa.